IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 CR 782 |
| ) | |
| ROBERT KOLBUSZ, ) | Judge John Z. Lee |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Dr. Robert Kolbusz has been indicted on seven counts of wire and mail fraud for writing fictitious diagnoses and submitting insurance claims for medically unnecessary procedures in violation of 18 U.S.C. §§ 1341 and 1343. He now moves for an order directing the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). He argues that the Indictment fails to identify all of the allegedly fraudulent claims he submitted and all of the patients for whom he submitted those claims.[1] The government contends that the Indictment is sufficiently detailed and that it has provided enough information in discovery.

For the reasons stated herein, the Court grants in part and denies in part Defendant's motion. The government shall provide Kolbusz with a bill of particulars containing the identities of all patients for whom Kolbusz submitted an allegedly false claim, a list of all allegedly fraudulent claims Kolbusz submitted to Medicare or private insurers, and a list of all funds to which Kolbusz was allegedly not entitled because such funds represented payment on an allegedly fraudulent claim. To the extent Kolbusz seeks more than this, his motion is denied.

---

[1] Kolbusz also argues that the Indictment fails to identify "the property sought to be forfeited in this action." (Def.'s Br. 3.) In its response brief, however, the government agrees to provide a bill of particulars as to the property that it seeks to be forfeited. (Gov't Resp. 9.) Therefore, Kolbusz's motion for a bill of particulars regarding the property sought to be forfeited is denied as moot.

1

## Background

Kolbusz was a physician licensed to practice medicine in Illinois. (Indictment ¶ 1a.) He owned and operated a clinic called the Center for Dermatology and Skin Cancer, Ltd., in Downers Grove, Illinois. (*Id.*) He served clients insured by Medicare, the federal government's health insurance program that provides free or below-cost health care benefits to persons sixty-five years of age and older, and clients insured by private companies, including Blue Cross Blue Shield of Illinois and Humana. (*Id.* ¶¶ 1b-i.)

The government alleges that, beginning in or about 2003, Kolbusz devised a scheme to defraud Medicare and private insurers by submitting false claims. (*Id.* ¶ 2.) To receive reimbursement from Medicare and private insurers for providing services, doctors submit claims that include a numerical code, called a Current Procedural Terminology ("CPT") code, and a description of the service provided. (*Id.* ¶¶ 1j-k.) The government alleges that Kolbusz submitted claims to Medicare and private health insurers using CPT code 17004, the code that covers the treatment of actinic keratosis (a condition of sun-induced skin lesions that can become cancerous), for patients whom Kolbusz knew did not have the condition. (*Id.* ¶¶ 1l, 3.) The government further alleges that these false claims included fictitious medical charts and false descriptions of signs and symptoms. (*Id.* ¶ 4.)

The Indictment includes seven counts. Each count lists (1) the date Kolbusz submitted an allegedly false claim to the insurer; (2) the insurer to whom he submitted the claim (three to Medicare, three to Blue Cross, one to Humana); (3) a brief description of the claim's subject matter; (3) the date on which he received payment for the claim from the insurer; and (4) the statute his actions allegedly violated. (*Id.* ¶¶ 7-37.) The Indictment also refers to certain patients for whom Kolbusz submitted allegedly false claims as Individuals A through G. (*Id.*) Kolbusz submitted the allegedly false claims described in Count One for Individual A, in Count Two for

Individual B, and so on until Count Seven, which alleges that Kolbusz submitted false claims for Individual G. (*Id.*)

In addition to describing the allegedly false claims submitted for Individual A, Count One states that "[i]t was further part of the scheme that defendant Kolbusz submitted and caused to be submitted false claims in this manner for hundreds of patients during the scheme, including, for example, Individuals A through G, resulting in millions of dollars of losses to Medicare and the private health insurance carriers." (*Id.* ¶ 6.)

Kolbusz now moves for an order directing the government to file a bill of particulars identifying all of the allegedly fraudulent bills and the patients associated with those bills.

## **Discussion**

Under Rule 7(f), "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The test for determining whether a bill of particulars should be granted is "similar to the test for determining the general sufficiency of the indictment . . . that is, 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *United States v. Fassnach*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test. *Id.* But where factual proof is vital to a defense, the accused may obtain such proof by a motion for a bill of particulars, even where the indictment contains all of the essential elements of the charged offense. *United States v. Mosley*, 786 F.2d 1330, 1334 (7th Cir. 1986). A defendant is not, however, entitled to all the evidence

the government intends to produce. *Kendall*, 665 F.2d at 135. Rather, a defendant is only entitled to know the theory of the government's case. *Id.*

Here, six of the seven counts in the Indictment sufficiently apprise Kolbusz of the charges against him. Counts Two through Seven each include (1) the date Kolbusz submitted an allegedly false claim to the insurer; (2) a brief description of the allegedly false claim's contents; (3) the insurer to whom Kolbusz submitted the claim; (4) the date on which he received payment for the claim; and (5) the statute he allegedly violated. (Indictment ¶¶ 7-37, p. 13-18.) This is sufficient to apprise him of the charges and enable him to prepare for trial. *See Fassnach*, 332 F.3d at 446.

Count One, however, read in its entirety, is not sufficient. To be sure, Count One adequately apprises Kolbusz of the charges relating to Individuals A through G by specifying (1) the dates upon which Kolbusz submitted allegedly false claims to the insurer for Individuals A though G; (2) a brief description of the allegedly false claims' contents; (3) the insurers to whom Kolbusz submitted the claims; (4) the dates on which he received payment for the claims; and (5) the statute he allegedly violated. (Indictment ¶¶ 7-11, p. 12.) But Count One includes an additional sentence: "It was further part of the scheme that defendant Kolbusz submitted and caused to be submitted false claims in this manner for hundreds of patients during the scheme, including, for example, Individuals A through G, resulting in millions of dollars of losses to Medicare and the private health insurance carriers." (Indictment ¶ 6.)

The Indictment contains no details about the "hundreds of patients," other than Individuals A through G, for whom Kolbusz allegedly submitted false claims resulting in "millions of dollars of losses." It does not indicate the types of allegedly false claims Kolbusz submitted, the dates on which he submitted them, the insurers to whom he submitted them, or the

dates on which he received payment for them.  Without this basic information, Kolbusz has not been sufficiently apprised of the allegations related to these "hundreds of patients."  As the government acknowledges, as an active doctor, Kolbusz served thousands of patients and submitted thousands of claims to Medicare and private insurers.  (Gov't. Resp. 8.)  Without knowing which claims the government alleges were fraudulent, Kolbusz cannot adequately prepare to defend himself at trial.  *See*, *e.g.*, *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) (granting defendant physician's motion for bill of particulars as to indictment for alleged fraudulent scheme to order medically unnecessary procedures because "the defendant is entitled to know prior to trial certain basic matters: the identity of the patient-victims of the alleged offenses, the records claimed to include false entries, and any allegedly fraudulent bills to insurers").

In response, the government contends that, through discovery, it has "provided claims data and witness interviews supporting the statement in the indictment that defendant submitted false claims regarding 'hundreds of patients' and resulting in 'millions of dollars of losses.'"  (Gov't. Resp. 8.)  The government notes, for example, that "[s]everal former employees have said that defendant's scheme was extensive," including a former physician's assistant who estimated that 75% of Kolbusz's patients were told they had actinic keratosis, but only 40-45% actually had the condition.  (*Id.*)  According to the government, it also "provided defense counsel shortly after arraignment with the identities of the patients referenced in the indictment."  (Gov't. Resp. 9.)  And it "intends to conduct a statistically significant survey of defendant's claims for use at trial and sentencing" and "will provide further information as to that survey when available."  (*Id.*)

It is true that "a bill of particulars is not required when the information a defendant needs to prepare his defense is available through 'some other satisfactory form,' such as discovery."

5

*United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003), *cert. denied*, *Garbin v. United States*, 541 U.S. 904 (2004). But, in this instance, it is not at all clear that the discovery provided to Defendant contains sufficient information to enable him to prepare for trial. For example, although the government contends that "voluminous discovery provided by the government, provides specific details of patients, procedures and claims *for the seven executions charged*" (Gov't. Resp. 9, (emphasis added)), nowhere does the government state that it has provided, through discovery or otherwise, specific information as to the "hundreds" of other patients, procedures, and claims that are the subject of paragraph 6 the Indictment. Similarly, although the government represents that it has provided defense counsel with the identities of the "patients referenced in the indictment," the Court is left to guess whether the government has provided this information for all of the patients referenced in paragraph 6 or just Individuals A through G. Although Kolbusz is not entitled to "all the evidence the government intends to produce," *Kendall*, 665 F.2d at 135, he is entitled to know such basic information regarding the allegedly fraudulent claims.

## **Conclusion**

For the reasons herein, the Court grants in part and denies in part Kolbusz's motion for a bill of particulars [24]. The government shall provide Kolbusz with a bill of particulars containing:

- The identities of all patients for whom Kolbusz submitted an allegedly false claim;
- A list of all allegedly fraudulent claims Kolbusz submitted to Medicare or private insurers;
- A list of all funds to which Kolbusz was allegedly not entitled because such funds represented payment on an allegedly fraudulent claim.[2]

To the extent Kolbusz seeks more than this, his motion is denied.

---

[2] The list of funds need not include the specific amounts received. The list shall include only the information included in the description of the funds allegedly improperly received for Individual A in Count One and for Individuals B through G in Counts Two through Seven. That is, the approximate date the funds were received and the insurer who provided them.

6

**SO ORDERED**          **ENTER:   5/6/13**

_____
**JOHN Z. LEE**
**U.S. District Judge**